Gregory D. Miller
Gene Y. Kang
**RIVKIN RADLER LLP**
25 Main Street, Suite 501
Court Plaza North
Hackensack, NJ 07601-7082
Telephone: (201) 287-2460
Facsimile: (201) 489-0495

Of Counsel:
Charles B. Klein (to be admitted *pro hac vice*)
Jovial Wong (to be admitted *pro hac vice*)
Sharon Lin (to be admitted *pro hac vice*)
Esthefania Rodriguez (to be admitted *pro hac vice*)
**WINSTON & STRAWN LLP**
1901 L Street, NW
Washington, DC 20036
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

*Attorneys for Defendants/Counterclaim Plaintiffs, Sun Pharmaceutical Industries Ltd., Sun Pharma Global FZE, and Sun Pharmaceutical Industries, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OREXO AB AND OREXO US, INC.,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>SUN PHARMACEUTICAL INDUSTRIES LIMITED, SUN PHARMA GLOBAL FZE, and SUN PHARMACEUTICAL INDUSTRIES, INC.,<br><br>Defendants/Counterclaim Plaintiffs. | C.A. No. 3:21-cv-17941 |

**SUN PHARMACEUTICAL INDUSTRIES LIMITED'S, SUN PHARMA GLOBAL FZE'S, AND SUN PHARMACEUTICAL INDUSTRIES, INC.'S ANSWER, SEPARATE DEFENSES, AND COUNTERCLAIMS**

Defendants Sun Pharmaceutical Industries Limited ("Sun Ltd."), Sun Pharma Global FZE ("Sun FZE"), and Sun Pharmaceutical Industries, Inc. ("Sun Inc.") (collectively, "Sun" or "Defendants"), by and through their undersigned counsel, provide the following answers, separate defenses, and counterclaims to the Complaint of patent infringement ("Complaint") (D.I. 1) of

Plaintiffs Orexo AB and Orexo US, Inc. (collectively, "Orexo" or "Plaintiffs"). This pleading is based upon Sun's knowledge as to its own activities, and upon information and belief as to other matters. Pursuant to Fed. R. Civ. P. 8(b)(3), Sun denies all allegations in Plaintiffs' Complaint except those admitted specifically below.

## NATURE OF THE ACTION

1. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §100, *et seq*., arising from Sun's filing of an Abbreviated New Drug Application ("ANDA") No. 214737 ("Sun's ANDA") with the United States Food and Drug Administration ("FDA") seeking approval to commercially market generic versions of Orexo's Zubsolv® (buprenorphine/naloxone sublingual tablets) at doses of 1.4/0.36 mg, 2.9/0.71 mg, 5.7/1.4 mg, 8.6/2.1 mg, and 11.4/2.9 mg ("Sun's ANDA Products") prior to the expiration of United States Patent Nos. 11,020,387 ("the '387 patent") and 11,020,388 ("the '388 patent"), both owned by Orexo AB (collectively, the "Patents-in-Suit").

**ANSWER:** Sun admits that Sun Ltd., with Sun Inc. as its U.S. Agent, submitted ANDA No. 214737 to the FDA seeking approval to commercially market a generic version of ZUBSOLV® (buprenorphine/naloxone sublingual tablets) prior to the expiration of the '387 patent and the '388 patent. Sun further admits that Plaintiffs' Complaint purports to bring an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, but denies that Plaintiffs are entitled to any relief. Sun otherwise denies the remaining allegations of Paragraph 1.

## THE PARTIES

2. Plaintiff Orexo AB is a company organized and existing under the laws of Sweden, having its principal place of business at Virdings allé 32 A, 754 50 Uppsala, Sweden.

**ANSWER:** Sun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore denies the same.

3. Plaintiff Orexo US is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 150 Headquarters Plaza, East Tower, Morristown, New Jersey 07960. Orexo US is a wholly owned subsidiary of Orexo AB.

**ANSWER:** Sun lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph, and therefore denies the same.

4. On information and belief, Sun Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Sun House, CTS No. 201 B/1, Western Express Highway, Goregaon (E), Mumbai 400 063, Maharashtra, India.

**ANSWER:** Sun admits that Sun Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Sun House, CTS No. 201 B/1, Western Express Highway, Goregaon (East), Mumbai, Maharashtra, 400063, India.

5. On information and belief, Sun FZE is a corporation organized and existing under the laws of the United Arab Emirates, having a principal place of business at Office # 43, Block Y, SAIF-Zone, P.O. Box #122304, Sharjah, United Arab Emirates. On information and belief, Sun FZE is a wholly-owned subsidiary of Sun Ltd.

**ANSWER:** Denied.

6. On information and belief, Sun Inc. is a corporation organized and existing under the laws of the State of Michigan, having a principal place of business at 2 Independence Way, Princeton, New Jersey 08540. On information and belief, Sun Inc. is a wholly-owned subsidiary of Sun Ltd.

**ANSWER:** Sun admits that Sun Inc. is a corporation organized and existing under the laws the laws of Delaware, having a principal place of business at 2 Independence Way, Princeton, New Jersey 08540.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the Patent Laws of the United States and the Food and Drug Laws of the United States, Titles 35 and 21, United States Code. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338, 2201, and/or 2202.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun denies the allegations of Paragraph 7.

### Sun Ltd.

8. This Court has personal jurisdiction over Sun Ltd. because it has purposely availed

itself of the privilege of acting within New Jersey by committing an act of patent infringement under 35 U.S.C. § 271(e)(2), and has sent notice of that infringement to Orexo US in the State of New Jersey.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun Ltd. does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Sun otherwise denies the remaining allegations of Paragraph 8.

9. On information and belief, Sun Ltd. intends a future course of conduct that includes acts of patent infringement in New Jersey. On information and belief, Sun Ltd. knows and intends that, upon FDA approval of Sun's ANDA, Sun's ANDA Products will be distributed and sold, by Sun Ltd., in New Jersey and will thereby displace sales of Zubsolv®, causing injury to Orexo in this District.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun Ltd. does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Sun otherwise denies the remaining allegations of Paragraph 9.

10. This Court has personal jurisdiction over Sun Ltd. also because Sun Ltd. has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with the State of New Jersey. On information and belief, Sun Ltd. is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which Sun Ltd., either directly or indirectly, manufactures, distributes, markets and/or sells throughout the United States, including in this District.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun Ltd. does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Sun otherwise denies the remaining allegations of Paragraph 10.

11. Sun Ltd.'s website states that its "US headquarters are in Princeton, New Jersey," that it has "distribution and customer service teams at multiple locations across the country," and that "Sun Pharma is present in the U.S. through its legal entities [and] … continue to expand our product portfolio in the U.S. market." Sun Pharmaceutical Industries Limited,

http://www.sunpharma.com/usa (last visited September 23, 2021).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun admits that Sun Ltd.'s website speaks for itself. Sun Ltd. does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Sun otherwise denies the remaining allegations of Paragraph 11.

12. Sun Ltd. has done business in New Jersey, including through its wholly-owned subsidiary, agent, and/or alter ego, Sun Inc., a company registered as a manufacturer and wholesaler with the New Jersey Department of Health under Registration No. 5003437 and registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID Nos. 0100954087 and/or 0100970132. Sun Ltd. maintains extensive and systematic contacts with the State of New Jersey, including the marketing, distribution, and/or sale of generic pharmaceutical drugs in New Jersey, including through, directly or indirectly, Sun Inc. On information and belief, Sun Inc. acts at the direction, and for the benefit, of Sun Ltd., and is controlled and/or dominated by Sun Ltd.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun Ltd. does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Sun further admits that Sun Inc. is registered with the State of New Jersey under Registration No. 5003437 and Business ID Nos. 0100954087 and 0100970132. Sun otherwise denies the remaining allegations of Paragraph 12.

13. This Court has personal jurisdiction over Sun Ltd. also because it has taken advantage of the jurisdiction of this Court by filing claims and counterclaims in this Court. On information and belief, Sun Ltd. has previously invoked, stipulated, and/or consented to personal jurisdiction in this Judicial District in numerous prior patent cases. For example, Sun Ltd. has previously been sued in this Judicial District and has availed itself of New Jersey courts through the assertion of counterclaims in suits brought in New Jersey, and has not challenged personal jurisdiction. *See, e.g.*, *Celgene Corporation v. Sun Pharmaceutical Industries, Inc., et al.*, Civil Action No. 18-11630 (SDW)(LDW); *Jazz Pharmaceuticals, Inc., et al. v. Sun Pharmaceutical Industries Ltd., et al.*, Civil Action No. 15-8229 (ES)(JAD); *Boehringer Ingelheim Pharmaceuticals Inc., et al. v. Sun Pharmaceutical Industries Ltd., et al.*, Civil Action No. 15-5982 (PGS)(TJB); *Jazz Pharmaceuticals, Inc. v. Sun Pharmaceutical Industries Ltd., et al.*, Civil Action No. 15-3217 (ES)(JAD); *Otsuka Pharmaceutical Co., Ltd. v. Sun Pharmaceutical*

*Industries Ltd., et al.*, Civil Action No. 14-6397 (JBS)(KMW); *Otsuka Pharmaceutical Co., Ltd. v. Sun Pharmaceutical Industries, Inc.*, et al., Civil Action No. 14- 4307 (JBS)(KMW); *Cephalon, Inc. v. Sun Pharmaceutical Industries, Inc., et al.*, Civil Action No. 11-5474 (FLW)(DEA); *Depomed, Inc., et al. v. Sun Pharmaceutical Industries, Inc., et al.*, Civil Action No. 11-3553 (JAP)(TJB); *Orexo AB et al. v. Sun Pharm. Indus. Ltd., et al.*, Civil Action No. 20-12588 (BRM)(DEA); *Orexo AB et al. v. Sun Pharm. Indus. Ltd., et al.*, Civil Action No. 21-13320 (ZNQ)(DEA).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun admits that Sun Ltd. was a party to the lawsuits identified in Paragraph 13. Sun Ltd. does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Sun otherwise denies the remaining allegations of Paragraph 13.

14. Sun Ltd. has further availed itself of the jurisdiction of this Court by initiating litigation in this Judicial District. *See, e.g., Sun Pharmaceutical Industries Ltd., et al. v. Altana Pharma AG, et al.*, Civil Action No. 05-2391 (KSH)(PS); *Sun Pharmaceutical Industries Ltd., et al. v. Novartis Pharmaceuticals Corp., et al.*, Civil Action No. 19-21733.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun admits that Sun Ltd. was a party to the lawsuits identified in Paragraph 14. Sun Ltd. does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Sun otherwise denies the remaining allegations of Paragraph 14.

15. In the alternative to the foregoing, this Court has personal jurisdiction over Sun Ltd., because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (a) Orexo's claims arise under federal law; (b) Sun Ltd. is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Sun Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Sun Ltd. satisfies due process.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun Ltd. does not contest personal jurisdiction for the purposes

of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Sun otherwise denies the remaining allegations of Paragraph 15.

16. Venue is proper in this district for Sun Ltd. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Sun Ltd. is a corporation organized and existing under the laws of India and may be sued in any judicial district.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun Ltd. does not contest venue for the purposes of this action only, and expressly reserves the right to contest venue in any other case as to any party. Sun otherwise denies the remaining allegations of Paragraph 16.

**Sun FZE**

17. This Court has personal jurisdiction over Sun FZE because it has purposely availed itself of the privilege of acting within New Jersey by committing an act of patent infringement. On information and belief, Sun FZE actively participated in the submission of Sun's ANDA.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun FZE denies any allegations that the Court has jurisdiction in this case. Sun otherwise denies the remaining allegations of Paragraph 17.

18. On information and belief, Sun FZE intends a future course of conduct that includes acts of patent infringement in New Jersey. On information and belief, Sun FZE knows and intends that, upon FDA approval of Sun's ANDA, Sun's ANDA Products will be distributed and sold, by at least Sun FZE, in New Jersey and will thereby displace sales of ZUBSOLV®, causing injury to Orexo in this District.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun FZE denies any allegations that the Court has jurisdiction in this case. Sun further denies the remaining allegations of Paragraph 18.

19. This Court has personal jurisdiction over Sun FZE also because Sun FZE has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with the State of New Jersey. On information and belief, Sun FZE has purposely conducted, and continues to conduct, business in this Judicial District. On information and belief, Sun FZE, in concert with at least Sun Ltd., is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products,

including generic drug products, throughout the United States, including in this Judicial District.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun FZE denies any allegations that the Court has jurisdiction in this case. Sun further denies the remaining allegations of Paragraph 19.

20. This Court has personal jurisdiction over Sun FZE also because it has taken advantage of the jurisdiction of this Court by filing at least counterclaims in this Court; Sun FZE has also previously consented to this Court's jurisdiction. *See, e.g., Celgene Corporation v. Sun Pharmaceutical Industries, Inc., et al*., Civil Action No. 18-11630 (SDW)(LDW); *Novartis Pharmaceuticals Corp., et al. v. Sun Pharma Sun Global FZE, et al.*, Civil Action No. 12-4393 (SDW)(MCA); *The Medicines Co. v. Sun Pharma Global FZE, et al.*, Civil Action No. 11-6819 (PGS)(DEA); *Orexo AB et al. v. Sun Pharm. Indus. Ltd., et al*., Civil Action No. 20-12588 (BRM)(DEA); *Orexo AB et al. v. Sun Pharm. Indus. Ltd., et al*., Civil Action No. 21-13320 (ZNQ)(DEA).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun admits that Sun FZE was a party to the lawsuits identified in Paragraph 20. Sun FZE denies any allegations that the Court has jurisdiction in this case, and Sun otherwise denies the remaining allegations of Paragraph 20.

21. Sun FZE has further availed itself of the jurisdiction of this Court by initiating litigation in this Judicial District. *See, e.g., Sun Pharma Global FZE et al. v. Lupin Ltd. et al.*, Civil Action No. 18-02213.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun FZE admits that it was a party to the lawsuit identified in Paragraph 21. Sun FZE denies any allegations that the Court has jurisdiction in this case, and Sun otherwise denies the remaining allegations of Paragraph 21.

22. On information and belief Sun FZE acts for the benefit of and at the direction of Sun Ltd., and is an agent and/or alter ego of Sun Ltd.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun FZE denies any allegations that the Court has jurisdiction in this case. Sun further denies the remaining allegations of Paragraph 22.

23. In the alternative to the foregoing, this Court has personal jurisdiction over Sun FZE because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (a) Orexo's claims arise under federal law; (b) Sun FZE is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Sun FZE has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Sun FZE satisfies due process.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun FZE denies any allegations that the Court has jurisdiction in this case. Sun further denies the remaining allegations of Paragraph 23.

24. Venue is proper in this district for Sun FZE pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Sun FZE is a corporation organized and existing under the laws of the United Arab Emirates and may be sued in any judicial district.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun FZE denies any allegations that the venue is proper in this case. Sun further denies the remaining allegations of Paragraph 24.

**Sun Inc.**

25. This Court has personal jurisdiction over Sun Inc. because it has purposely availed itself of the privilege of acting within New Jersey by committing an act of patent infringement and intends a course of conduct of patent infringement in this District. On information and belief, Sun Inc. actively participated in the submission of Sun's ANDA.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun Inc. admits that it acts as a U.S. agent for Sun Ltd. with respect to ANDA No. 214737. Sun Inc. does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Sun otherwise denies the remaining allegations of Paragraph 25.

26. On information and belief, Sun Inc. intends a future course of conduct that includes acts of patent infringement in New Jersey. On information and belief, Sun Inc. knows and intends that, upon FDA approval of Sun's ANDA, Sun's ANDA Products will be distributed and sold, by at least Sun Inc., in New Jersey and will thereby displace sales of ZUBSOLV®, causing injury to Orexo in this District.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun Inc. does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Sun otherwise denies the remaining allegations of Paragraph 26.

27. This Court has personal jurisdiction over Sun Inc. also because Sun Inc. has purposefully availed itself of the rights and benefits of New Jersey law by engaging in systematic and continuous contacts with the State of New Jersey. On information and belief, Sun Inc. has purposely conducted, and continues to conduct, business in this Judicial District. On information and belief, Sun Inc., in concert with at least Sun Ltd., is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun Inc. does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Sun otherwise denies the remaining allegations of Paragraph 27.

28. On information and belief, Sun Inc. maintains physical places of business in at least Princeton, New Jersey and Cranbury, New Jersey.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun admits that Sun Inc. has a place of business in New Jersey. Sun Inc. does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Sun otherwise denies the remaining allegations of Paragraph 28.

29. On information and belief, Sun Inc. is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business ID Nos. 0100954087 and/or 0100970132 and is registered as a manufacturer and wholesaler with the New Jersey Department of Health under Registration No. 5003437.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun Inc. does not contest personal jurisdiction for the purposes

of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Sun further admits that Sun Inc. is registered with the State of New Jersey under Registration No. 5003437 and Business ID Nos. 0100954087 and 0100970132. Sun otherwise denies the remaining allegations of Paragraph 29.

30. This Court has personal jurisdiction over Sun Inc. because, *inter alia*, it has taken advantage of the jurisdiction of this Court by filing at least counterclaims in this Court; Sun Inc. has also previously consented to this Court's jurisdiction. *See, e.g., Celgene Corporation v. Sun Pharmaceutical Industries, Inc., et al.,* Civil Action No. 18-11630 (SDW)(LDW); *Janssen Pharm. Inc. v. Sun Pharma Global FZE, et al.,* Civil Action No. 11-6089 (SRC)(CLW); *Otsuka Pharm. Co. v. Sun Pharm. Indus. Ltd., et al.,* Civil Action No. 14-4307 (JBS)(KMW); *Otsuka Pharm. Co. v. Sun Pharm. Indus. Ltd.,* Civil Action No. 14-6397 (JBS)(KMW); *Orexo AB et al. v. Sun Pharm. Indus. Ltd., et al.*, Civil Action No. 20-12588 (BRM)(DEA); *Orexo AB et al. v. Sun Pharm. Indus. Ltd., et al.*, Civil Action No. 21-13320 (ZNQ)(DEA).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun admits that Sun Inc. was a party to the lawsuits identified in Paragraph 30. Sun Inc. does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Sun otherwise denies the remaining allegations of Paragraph 30.

31. Sun Inc. has further availed itself of the jurisdiction of this Court by initiating litigation in this Judicial District. *See, e.g., Sun Pharmaceutical Industries Ltd., et al. v. Novartis Pharmaceuticals Corp., et al.*, Civil Action No. 19-21733; *Sun Pharma Global FZE et al. v. Lupin Ltd. et al.*, Civil Action No. 18-02213.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun admits that Sun Inc. was a party to the lawsuits identified in Paragraph 31. Sun Inc. does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Sun otherwise denies the remaining allegations of Paragraph 31.

32. On information and belief Sun Inc. acts for the benefit of and at the direction of Sun Ltd., and is an agent and/or alter ego of Sun Ltd.

**ANSWER:** To the extent a response is required, Sun Inc. admits that it acts as a U.S. agent

for Sun Ltd. Sun Inc. does not contest personal jurisdiction for the purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party. Sun otherwise denies the remaining allegations of Paragraph 32.

33. Venue is proper in this district for Sun Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Sun Inc. is subject to personal jurisdiction and has a principal place of business in this judicial district.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun Inc. does not contest venue for the purposes of this action only, and expressly reserves the right to contest venue in any other case as to any party. Sun otherwise denies the remaining allegations of Paragraph 33.

## THE ZUBSOLV® DRUG PRODUCT

34. Orexo US holds approved New Drug Application ("NDA") No. 204242 for buprenorphine hydrochloride and naloxone hydrochloride sublingual tablets, which are prescribed and sold in the United States under the trademark ZUBSOLV®.

**ANSWER:** Sun admits that the FDA's website indicates that Orexo US is the holder of New Drug Application ("NDA") No. 204242 for ZUBSOLV® (buprenorphine hydrochloride and naloxone hydrochloride) sublingual tablets. Sun further admits that the FDA's website lists July 3, 2013, as the approval date for NDA No. 204242. Sun lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore denies the same.

35. ZUBSOLV® sublingual tablets are indicated for the maintenance treatment of opioid dependence and for the induction of buprenorphine maintenance therapy in patients suffering from opioid dependence.

**ANSWER:** Sun admits that the ZUBSOLV® label available on the FDA's website states that "ZUBSOLV is indicated for the treatment of opioid dependence. ZUBSOLV should be used as part of a complete treatment plan that includes counseling and psychosocial support." Sun lacks

information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore denies the same.

## THE PATENTS-IN-SUIT

36. On June 1, 2021, the USPTO duly and lawfully issued the ’387 patent, entitled “Abuse-resistant pharmaceutical composition for the treatment of opioid dependence,” to Orexo AB as assignee of the inventor Andreas Fischer. A copy of the ’387 patent is attached hereto as Exhibit A. The ’387 patent is listed in the FDA’s Approved Drug Products with Therapeutic Equivalence Evaluations (“the Orange Book”) for Zubsolv® sublingual tablets (NDA No. 204242), 2.9/0.71 mg, 5.7/1.4 mg, 8.6/2.1 mg, and 11.4/2.9 mg doses.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun admits that on its face, the ’387 patent was issued on June 1, 2021, and is titled “Abuse-resistant pharmaceutical composition for the treatment of opioid dependence.” Sun admits that a purported copy of the ’387 patent is attached to the Complaint as Exhibit A. Sun also admits that the ’387 patent is listed in the Orange Book in connection with ZUBSOLV®. Sun specifically denies that the ’387 patent was duly and lawfully issued. Sun lacks information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore denies the same.

37. On June 1, 2021, the USPTO duly and lawfully issued the ’388 patent, entitled “Abuse-resistant pharmaceutical composition for the treatment of opioid dependence,” to Orexo AB as assignee of the inventor Andreas Fischer. A copy of the ’388 patent is attached hereto as Exhibit B. The ’388 patent is listed in the Orange Book for Zubsolv® sublingual tablets (NDA No. 204242).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun admits that on its face, the ’388 patent was issued on June 1, 2021, and is titled “Abuse-resistant pharmaceutical composition for the treatment of opioid dependence.” Sun admits that a purported copy of the ’388 patent is attached to the Complaint as Exhibit B. Sun also admits that the ’388 patent is listed in the Orange Book in connection with ZUBSOLV®. Sun specifically denies that the ’388 patent was duly and lawfully issued. Sun lacks

information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of this paragraph, and therefore denies the same.

## ACTS GIVING RISE TO THIS SUIT

38. Pursuant to Section 505 of the Federal Food, Drug and Cosmetic Act, Sun Ltd. filed Sun's ANDA seeking approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Sun's ANDA Products before the Patents-in-Suit expire.

**ANSWER:** Sun admits that Sun Ltd. filed ANDA No. 214737 seeking approval to engage in the commercial manufacture, use, or sale of the products that are the subject of ANDA No. 214737 within the United States prior to the expiration of the Patents-in-Suit. Sun otherwise denies the remaining allegations of Paragraph 38.

39. On information and belief, Sun FZE and Sun Inc. aided, abetted, and/or acted in concert with Sun Ltd. to file its ANDA.

**ANSWER:** Sun admits that Sun Ltd., through its U.S. Agent Sun Inc., filed ANDA No. 214737 seeking approval to engage in the commercial manufacture, use, or sale of the products that are the subject of ANDA No. 214737 within the United States prior to the expiration of the Patents-in-Suit. Sun specifically denies that Sun FZE filed ANDA No. 214737, or that Sun FZE has any interest or connection with ANDA No. 214737. Sun otherwise denies the remaining allegations of Paragraph 39.

40. On information and belief, following FDA approval of Sun's ANDA, Sun will make, use, sell, or offer to sell Sun's ANDA Products throughout the United States, or import such generic products into the United States.

**ANSWER:** Sun admits that Sun Ltd., through its U.S. Agent Sun Inc., filed ANDA No. 214737 seeking approval to engage in the commercial manufacture, use, or sale of the products that are the subject of ANDA No. 214737 within the United States prior to the expiration of the Patents-in-Suit. Sun specifically denies that Sun FZE filed ANDA No. 214737, or that Sun FZE has any interest or connection with ANDA No. 214737. Sun otherwise denies the remaining

allegations of Paragraph 40.

41. In connection with the filing of Sun's ANDA as described above, Sun Ltd. provided a written certification to the FDA pursuant to Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), alleging that the claims of United States Patent Nos. 8,470,361 ("the '361 patent"), 8,658,198 ("the '198 patent"), 8,940,330 ("the '330 patent"), 9,259,421 ("the '421 patent"), and 9,439,900 ("the '900 patent") (collectively, the "First Suit Patents") are invalid, unenforceable, and/or will not be infringed by the activities described in Sun's ANDA ("Sun's First Paragraph IV Certification").

**ANSWER:** Sun admits that ANDA No. 214737 includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the claims of United States Patent Nos. 8,470,361 ("the '361 patent"), 8,658,198 ("the '198 patent"), 8,940,330 ("the '330 patent"), 9,259,421 ("the '421 patent"), and 9,439,900 ("the '900 patent") (collectively, the "First Suit Patents") are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of products that are the subject of ANDA No. 214737. Sun specifically denies that Sun FZE filed ANDA No. 214737, or that Sun FZE has any interest or connection with ANDA No. 214737. Sun denies the remaining allegations of Paragraph 41.

42. On August 3, 2020, Sun Ltd. sent written notice of its First Paragraph IV Certification to Plaintiffs ("Sun's First Notice Letter") regarding the First Suit Patents. Sun's First Notice Letter alleged that the claims of the First Suit Patents will not be infringed by the activities described in Sun's ANDA. Sun's First Notice Letter also informed Plaintiffs that Sun seeks approval to market Sun's ANDA Products before the First Suit Patents expire. Sun specifically directed Sun's First Notice Letter to Orexo US's headquarters in Morristown, New Jersey, in this Judicial District. This resulted in Orexo filing a complaint in this Judicial District against Sun on September 11, 2020. *See Orexo AB et al. v. Sun Pharm. Indus. Ltd., et al.*, Civil Action No. 20-12588 (BRM)(DEA).

**ANSWER:** Sun admits that on July 31, 2020, Sun Ltd. sent Sun Ltd.'s First Notice Letter. Sun further admits that Sun Ltd.'s First Notice Letter alleged that the claims of the First Suit Patents are invalid and/or will not be infringed by the activities described in ANDA No. 214737. Sun also admits that Sun Ltd.'s First Notice Letter informed Plaintiffs that Sun Ltd. filed ANDA No. 214737 seeking approval to market the products that are the subject of ANDA No. 214737

before the expiration of the First Suit Patents. Sun further admits that Orexo filed a complaint against Sun on September 11, 2020. Sun FZE does not have any interest or connection with ANDA No. 214737, and does not have any knowledge concerning the First Notice Letter, and therefore denies the allegations in Paragraph 42. Sun denies the remaining allegations of Paragraph 42.

43. In connection with the filing of Sun's ANDA as described above, Sun Ltd. provided written certifications to the FDA pursuant to Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), alleging that the claims of United States Patent Nos. 10,874,661 ("the '661 patent") and 10,946,010 ("the '010 patent") (collectively, the "Second Suit Patents") are invalid, unenforceable, and/or will not be infringed by the activities described in Sun's ANDA ("Sun's Second Paragraph IV Certification").

**ANSWER:** Sun admits that ANDA No. 214737 includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the claims of United States Patent Nos. 10,874,661 ("the '661 patent") and 10,946,010 ("the '010 patent") (collectively, the "Second Suit Patents") are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of products that are the subject of ANDA No. 214737. Sun specifically denies that Sun FZE filed ANDA No. 214737, or that Sun FZE has any interest or connection with ANDA No. 214737. Sun denies the remaining allegations of Paragraph 43.

44. On May 21, 2021, Sun Ltd. sent written notice of Sun's Second Paragraph IV Certification to Plaintiffs ("Sun's Second Notice Letter") regarding the Second Suit Patents. Sun's Second Notice Letter alleged that the claims of the Second Suit Patents will not be infringed by the activities described in Sun's ANDA. Sun's Second Notice Letter also informed Plaintiffs that Sun seeks approval to market Sun's ANDA Products before the Second Suit Patents expire. Sun specifically directed Sun's Second Notice Letter to Orexo US's headquarters in Morristown, New Jersey, in this Judicial District. This resulted in Orexo filing a second complaint in this Judicial District against Sun on July 2, 2021. *See Orexo AB et al. v. Sun Pharm. Indus. Ltd., et al.*, Civil Action No. 21-13320 (ZNQ)(DEA).

**ANSWER:** Sun admits that on May 21, 2021, Sun Ltd. sent Sun Ltd.'s Second Notice Letter. Sun further admits that Sun Ltd.'s Second Notice Letter alleged that the claims of the Second Suit Patents are invalid and/or will not be infringed by the activities described in ANDA No. 214737. Sun also admits that Sun's Ltd.'s Second Notice Letter informed Plaintiffs that Sun

Ltd. filed ANDA No. 214737 seeking approval to market the products that are the subject of ANDA No. 214737 before the expiration of the Second Suit Patents. Sun further admits that Orexo filed a complaint against Sun on July 2, 2021. Sun FZE does not have any interest or connection with ANDA No. 214737, and does not have any knowledge concerning the Second Notice Letter, and therefore denies the allegations in Paragraph 44. Sun denies the remaining allegations of Paragraph 44.

45. In connection with the filing of Sun's ANDA as described above, Sun Ltd. provided a written certification to the FDA pursuant to Section 505 of the FFDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), alleging that the claims of the Patents-in-Suit are invalid, unenforceable, and/or will not be infringed by the activities described in Sun's ANDA ("Sun's Third Paragraph IV Certification").

**ANSWER:** Sun admits that ANDA No. 214737 includes a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the claims of the Patents-in-Suit are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of products that are the subject of ANDA No. 214737. Sun specifically denies that Sun FZE filed ANDA No. 214737, or that Sun FZE has any interest or connection with ANDA No. 214737. Sun denies the remaining allegations of Paragraph 45.

46. Sun Ltd. sent or caused to be sent a written notice of Sun's Third Paragraph IV Certification to Plaintiffs ("Sun's Third Notice Letter") dated August 18, 2021. Sun's Third Notice Letter alleged that the claims of the Patents-in-Suit will not be infringed by the activities described in Sun's ANDA. Sun's Third Notice Letter also informed Plaintiffs that Sun seeks approval to market Sun's ANDA Products before the Patents-in-Suit expire. Sun specifically directed Sun's Third Notice Letter to Orexo US's headquarters in Morristown, New Jersey, in this Judicial District.

**ANSWER:** Sun admits that on August 18, 2021, Sun Ltd. sent Sun Ltd.'s Third Notice Letter. Sun further admits that Sun Ltd.'s Third Notice Letter alleges that the claims of the Patents-in-Suit are invalid and/or will not be infringed by the activities described in ANDA No. 214737. Sun also admits that Sun's Ltd.'s Third Notice Letter informed Plaintiffs that Sun Ltd. filed ANDA No. 214737 seeking approval to market the products that are the subject of ANDA No. 214737

before the expiration of the Patents-in-Suit. Sun FZE does not have any interest or connection with ANDA No. 214737, and does not have any knowledge concerning the Third Notice Letter, and therefore denies the allegations in Paragraph 46. Sun denies the remaining allegations of Paragraph 46.

47. Sun's Third Notice Letter contained an "Offer of Confidential Access." Sun agreed that Sun's ANDA production in Case No. 3:20-cv-12588-BRM-DEA may be reviewed pursuant to the terms of the Stipulated Protective Order in that case (ECF No. 30) for the purposes of determining whether to bring this infringement action.

**ANSWER:** Sun admits that Sun Ltd.'s Third Notice Letter contained an "Offer for Confidential Access." Sun further admits that Sun agreed that Sun's ANDA production in Case No. 3:20-cv-12588-BRM-DEA may be reviewed pursuant to the terms of the Protective Order in that case (ECF No. 30) for the purposes of determining whether to bring an infringement action, and that Plaintiffs filed this Complaint on October 1, 2021. Sun FZE does not have any interest or connection with ANDA No. 214737, and does not have any knowledge concerning the Third Notice Letter, and therefore denies the allegations in Paragraph 47. Sun denies the remaining allegations of Paragraph 47.

48. Based on its review of Sun's Third Paragraph IV Certification and other information, Plaintiffs are informed and believe Sun's ANDA infringes valid patent claims of the '387 and '388 patents, and has therefore brought this action.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun admits that Plaintiffs filed its Complaint on October 1, 2021. Sun otherwise denies the remaining allegations of Paragraph 48.

## COUNT I

### Infringement of the '387 patent

49. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:** To the extent an answer to Paragraph 49 is required, Sun incorporates by reference its answers to the foregoing paragraphs as if fully set forth herein.

50. Sun, by the submission of its Third Paragraph IV Certification as part of Sun's ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Sun's ANDA Products, prior to the expiration of the '387 patent.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun admits that Sun Ltd. submitted ANDA No. 214737 to the FDA seeking approval to engage in the commercial manufacture, use, or sale the products that are the subject of ANDA No. 214737 within the United States prior to the expiration of the '387 patent. Sun specifically denies that Sun FZE filed ANDA No. 214737, or that Sun FZE has any interest or connection with ANDA No. 214737. Sun otherwise denies the allegations of Paragraph 50.

51. Sun's ANDA has been pending before the FDA since at least July 31, 2020, the date appearing on Sun's First Notice Letter to Plaintiffs.

**ANSWER:** Sun admits that ANDA No. 214737 was filed before July 31, 2020, and has not yet been approved by the FDA. Sun denies the remaining allegations of Paragraph 51.

52. Sun's submission of Sun's ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Sun's ANDA Products, prior to the expiration of the '387 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun denies the allegations of Paragraph 52.

53. There is a justiciable controversy between the parties hereto as to the infringement of the '387 patent.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun denies the allegations of Paragraph 53.

54. Unless enjoined by this Court, upon FDA approval of Sun's ANDA, Sun will infringe one or more claims of the '387 patent under 35 U.S.C. § 271(a) by making, using, offering

to sell, selling, and/or importing Sun's ANDA Products in the United States.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun denies the allegations of Paragraph 54.

55. Unless enjoined by this Court, upon FDA approval of Sun's ANDA, Sun will induce infringement of one or more claims of the '387 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Sun's ANDA Products in the United States. On information and belief, upon FDA approval of Sun's ANDA, Sun will intentionally encourage acts of direct infringement with knowledge of the '387 patent and knowledge that its acts are encouraging infringement

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun denies the allegations of Paragraph 55.

56. Unless enjoined by this Court, upon FDA approval of Sun's ANDA, Sun will contributorily infringe one or more claims of the '387 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Sun's ANDA Products in the United States. On information and belief, Sun has had and continues to have knowledge that Sun's ANDA Products are especially adapted for a use that infringes one or more claims of the '387 patent and that there is no substantial non-infringing use for Sun's ANDA Products.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun denies the allegations of Paragraph 56.

57. Sun's ANDA Products are required in accordance with 21 U.S.C. 355(j)(2)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the '387 patent.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun denies the allegations of Paragraph 57.

58. Plaintiffs will be substantially and irreparably damaged and harmed if Sun's infringement of the '387 patent is not enjoined.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun denies the allegations of Paragraph 58.

59. Plaintiffs do not have an adequate remedy at law.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To

the extent a response is required, Sun denies the allegations of Paragraph 59.

60. Sun did not contest the validity of any of the claims of the ’387 patent in Sun’s Third Notice Letter. If Sun had a factual or legal basis to contest the validity of the claims of the ’387 patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun denies the allegations of Paragraph 60.

61. This case is an exceptional one, and Plaintiffs are entitled to an award of its reasonable attorneys’ fees under 35 U.S.C. § 285.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun denies the allegations of Paragraph 61.

## COUNT II

### Infringement of the ’388 patent

62. Plaintiffs repeat and reallege the allegations of the preceding paragraphs as if fully set forth herein.

**ANSWER:** To the extent an answer to Paragraph 62 is required, Sun incorporates by reference its answers to the foregoing paragraphs as if fully set forth herein.

63. Sun, by the submission of its Third Paragraph IV Certification as part of Sun’s ANDA to the FDA, has indicated that it seeks approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Sun’s ANDA Products, prior to the expiration of the ’388 patent.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun admits that Sun Ltd. submitted ANDA No. 214737 to the FDA seeking approval to engage in the commercial manufacture, use, or sale the products that are the subject of ANDA No. 214737 within the United States prior to the expiration of the ’388 patent. Sun specifically denies that Sun FZE filed ANDA No. 214737, or that Sun FZE has any interest or connection with ANDA No. 214737. Sun otherwise denies the allegations of Paragraph 63.

64. Sun's ANDA has been pending before the FDA since at least July 31, 2020, the date appearing on Sun's First Notice Letter to Plaintiffs.

**ANSWER:** Sun admits that ANDA No. 214737 was filed before July 31, 2020, and has not yet been approved by the FDA. Sun denies the remaining allegations of Paragraph 64.

65. Sun's submission of its ANDA to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Sun's ANDA Products, prior to the expiration of the '388 patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun denies the allegations of Paragraph 65.

66. There is a justiciable controversy between the parties hereto as to the infringement of the '388 patent.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun denies the allegations of Paragraph 66.

67. Unless enjoined by this Court, upon FDA approval of Sun's ANDA, Sun will infringe one or more claims of the '388 patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Sun's ANDA Products in the United States.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun denies the allegations of Paragraph 67.

68. Unless enjoined by this Court, upon FDA approval of Sun's ANDA, Sun will induce infringement of one or more claims of the '388 patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Sun's ANDA Products in the United States. On information and belief, upon FDA approval of Sun's ANDA, Sun will intentionally encourage acts of direct infringement with knowledge of the '388 patent and knowledge that its acts are encouraging infringement.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun denies the allegations of Paragraph 68.

69. Unless enjoined by this Court, upon FDA approval of Sun's ANDA, Sun will contributorily infringe one or more claims of the '388 patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Sun's ANDA Products in the United States. On information and belief, Sun has had and continues to have knowledge that Sun's ANDA Products

are especially adapted for a use that infringes one or more claims of the ’388 patent and that there is no substantial non-infringing use for Sun’s ANDA Products.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun denies the allegations of Paragraph 69.

70. Sun’s ANDA Products are required in accordance with 21 U.S.C. 355(j)(2)(v) to have the same clinical instructions on use, be administered in the same manner, and achieve the same results as inventions claimed in the ’388 patent.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun denies the allegations of Paragraph 70.

71. Plaintiffs will be substantially and irreparably damaged and harmed if Sun’s infringement of the ’388 patent is not enjoined.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun denies the allegations of Paragraph 71.

72. Plaintiffs do not have an adequate remedy at law.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun denies the allegations of Paragraph 72.

73. Sun did not contest the validity of any of the claims of the ’388 patent in Sun’s Third Notice Letter. If Sun had a factual or legal basis to contest the validity of the claims of the ’388 patent, it was required by applicable regulations to state such a basis in its Notice Letter. *See* 21 CFR § 314.95(c)(7); 21 CFR § 314.52.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun denies the allegations of Paragraph 73.

74. This case is an exceptional one, and Plaintiffs are entitled to an award of its reasonable attorneys’ fees under 35 U.S.C. § 285.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent a response is required, Sun denies the allegations of Paragraph 74.

## RESPONSE TO PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint recites a prayer for relief for which no response is required. To the extent a response is required, Sun denies that Plaintiffs are entitled to any remedy or relief.

**SEPARATE DEFENSES**

Sun asserts the following defenses without prejudice to the denials in this Answer, and without admitting any allegations of the Complaint not otherwise admitted. Sun does not assume the burden of proof on any such defenses, except as required by applicable law with respect to the particular defense asserted. Sun reserves the right to assert other defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

**FIRST DEFENSE**

This Court lacks personal jurisdiction over Defendant Sun FZE.

**SECOND DEFENSE**

Each purported claim in the Complaint, in whole or in part, is barred for failure to state a claim upon which relief can be granted.

**THIRD DEFENSE**

The claims of the patents-in-suit are invalid for failure to comply with the statutory provisions of Title 35 of the United States Code, including without limitation sections 101, 102, 103, and/or 112, or other judicially created bases for invalidity.

**FOURTH DEFENSE**

Sun does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Patents-in-Suit. If the products that are the subject of ANDA No. 214737 were marketed, Sun would not infringe any valid and enforceable claim of the Patents-in-Suit.

**FIFTH DEFENSE**

Sun has not, does not, and will not induce the infringement of, or contribute to the infringement of, any valid and enforceable claim of the Patents-in-Suit. If the products that are the subject of ANDA No. 214737 were marketed, Sun would not induce the infringement of, or contribute to the infringement of, any valid and enforceable claim of the patents-in-suit.

**SIXTH DEFENSE**

The claims of the Patents-in-Suit are barred in whole or in part by the doctrine of prosecution history estoppel, judicial estoppel, and/or other equitable doctrines.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by the equitable doctrines of waiver, estoppel, and/or laches.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands and bad faith.

**NINTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of unjust enrichment.

**TENTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of patent misuse.

**ELEVENTH DEFENSE**

Sun's actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

**TWELFTH DEFENSE**

Sun has not willfully infringed any claim of the Patents-in-Suit.

**THIRTEENTH DEFENSE**

Any additional defenses or counterclaims that discovery may reveal.

**COUNTERCLAIMS**

For its Counterclaims against Orexo AB ("Orexo AB") and Orexo US, Inc. ("Orexo US") (collectively, "Counterclaim Defendants/Plaintiffs"), Counterclaim Plaintiffs/Defendants Sun Pharmaceutical Industries Ltd. ("Sun Ltd.") and Sun Pharmaceutical Industries, Inc. ("Sun Inc.") (collectively, "Sun" or "Counterclaim Plaintiffs/Defendants"), states as follows:

**THE PARTIES**

1. On information and belief, Orexo AB is a company organized and existing under the laws of Sweden, having its principal place of business at Virdings allé 32A, 754 50 Uppsala, Sweden.

2. On information and belief, Orexo US, Inc. is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 150 Headquarters Plaza, Ease Tower, Morristown, New Jersey 07960. Orexo US is a wholly owned subsidiary of Orexo AB.

3. Sun Ltd. is a corporation organized and existing under the laws of India, having a principal place of business at Sun House, CTS No. 201 B/1, Western Express Highway, Goregaon (E), Mumbai 400 063, Maharashtra, India

4. Sun Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2 Independence Way, Princeton, New Jersey 08540.

**JURISDICTION AND VENUE**

5. These counterclaims arise under the patent laws of the United States and the Declaratory Judgment Act. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

6. This Court has personal jurisdiction over Counterclaim Defendants/Plaintiffs on the basis of, *inter alia*, their contacts with New Jersey relating to the subject matter of this action, including having filed suit.

7. Venue is proper under 28 U.S.C. §§ 1391 and 1400.

**BACKGROUND**

8. Upon information and belief, Orexo US holds approved New Drug Application ("NDA") No. 204242 for Zubsolv® brand buprenorphine hydrochloride and naloxone hydrochloride sublingual tablets.

9. An NDA must include, among other things, the number of any patent that claims the "drug" or a "method of using [the] drug" for which the NDA was submitted and for which a claim of patent infringement could reasonably be asserted against an authorized party. *See* 21 U.S.C. § 355(b)(1), -(c)(2); 21 C.F.R. § 314.53(b), -(c)(2).

10. Upon approval of the NDA, the U.S. Food and Drug Administration ("FDA") publishes patent information for the approved drug in the "Approved Drug Products with Therapeutic Equivalence Evaluations," commonly known as the "Orange Book." *See* 21 U.S.C. § 355(j)(7)(A)(iii).

11. U.S. Patent 11,020,387 ("the '387 patent"), titled "Abuse-resistant pharmaceutical composition for the treatment of opioid dependence," issued on June 1, 2021.

12. U.S. Patent 11,020,388 ("the '388 patent"), titled "Abuse-resistant pharmaceutical composition for the treatment of opioid dependence," issued on June 1, 2021.

13. Upon information and belief, Orexo AB is the assignee of the '387 and '388 patents.

14. Upon information and belief, Counterclaim Defendants/Plaintiffs caused the '387 and '388 patents to be listed in the Orange Book as a patent that claims such a drug for which Orexo US submitted NDA No. 204242.

15. Sun Ltd. submitted Abbreviated New Drug Application ("ANDA") No. 214737 ("Sun Ltd.'s ANDA") to obtain FDA approval to market a generic version of buprenorphine hydrochloride and naloxone hydrochloride sublingual tablets ("Sun Ltd.'s ANDA Products") prior to the expiration of the '387 and '388 patents.

16. By letter dated August 18, 2021 (the "Sun Ltd. Third Notice Letter"), pursuant to 21 U.S.C. § 355(j)(2)(B), Sun Ltd. notified Counterclaim Defendants/Plaintiffs that ANDA No. 214737 includes a Paragraph IV Certification with respect to the '387 and '388 patents. The Sun Ltd. Third Notice Letter, which is incorporated herein by reference, contained a detailed statement of the factual and legal bases for Sun Ltd.'s Paragraph IV Certification that the claims of the '387 and '388 patents are invalid, not infringed, and/or unenforceable.

17. On October 1, 2021, Counterclaim Defendants/Plaintiffs filed this instant lawsuit alleging infringement of the '387 and '388 patents.

**COUNT I**

**(Declaratory Judgment of Non-Infringement of the '387 patent)**

18. Sun re-alleges and incorporates by reference the allegations in Paragraphs 1 through 17 of its Counterclaims as though fully set forth herein.

19. Counterclaim Defendants/Plaintiffs allege ownership of the ’387 patent and have brought claims against Sun alleging infringement of the ’387 patent.

20. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Sun Ltd.’s ANDA No. 214737 and/or the commercial marketing of Sun Ltd.’s ANDA Products infringe, have infringed, and/or will infringe a valid and enforceable claim of the ’387 patent.

21. Sun has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the ’387 patent and is not liable for such infringement.

22. Sun is entitled to a declaration that the manufacture, use, or sale of Sun Ltd.’s ANDA Products would not infringe any valid or enforceable claim of the ’387 patent.

## COUNT II

**(Declaratory Judgment of Invalidity or Unenforceability of the ’387 patent)**

23. Sun re-alleges and incorporates by reference the allegations in Paragraphs 1 through 22 of its Counterclaims as though fully set forth herein.

24. Counterclaim Defendants/Plaintiffs allege ownership of the ’387 patent and have brought claims against Sun alleging infringement of the ’387 patent.

25. One or more claims of the ’387 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially-created bases for invalidity.

26. The ’387 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

27. The alleged invention of the ’387 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over

the prior art set forth in the ’387 patent is not more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the ’387 patent and would have had a reasonable expectation of success in doing so.

28. The subject matter claimed in the ’387 patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

29. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Sun Ltd.’s ANDA No. 214737 and/or the commercial marketing of Sun Ltd.’s ANDA Products infringes, has infringed, and/or will infringe a valid and enforceable claim of the ’387 patent.

30. Sun is entitled to a declaration that all claims of the ’387 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially-created bases for invalidity.

## COUNT III

### (Declaratory Judgment of Non-Infringement of the ’388 patent)

31. Sun re-alleges and incorporates by reference the allegations in Paragraphs 1 through 30 of its Counterclaims as though fully set forth herein.

32. Counterclaim Defendants/Plaintiffs allege ownership of the ’388 patent and have brought claims against Sun alleging infringement of the ’388 patent.

33. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Sun Ltd.’s ANDA No. 214737 and/or the commercial

marketing of Sun Ltd.'s ANDA Products infringe, have infringed, and/or will infringe a valid and enforceable claim of the '388 patent.

34. Sun has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '388 patent and is not liable for such infringement.

35. Sun is entitled to a declaration that the manufacture, use, or sale of Sun Ltd.'s ANDA Products would not infringe any valid or enforceable claim of the '388 patent.

**COUNT IV**

**(Declaratory Judgment of Invalidity or Unenforceability of the '388 patent)**

36. Sun re-alleges and incorporates by reference the allegations in Paragraphs 1 through 35 of its Counterclaims as though fully set forth herein.

37. Counterclaim Defendants/Plaintiffs allege ownership of the '388 patent and have brought claims against Sun alleging infringement of the '388 patent.

38. One or more claims of the '388 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially-created bases for invalidity.

39. The '388 patent describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

40. The alleged invention of the '388 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '388 patent is not more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '388 patent and would have had a reasonable expectation of success in doing so.

41. The subject matter claimed in the ’388 patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

42. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Sun Ltd.’s ANDA No. 214737 and/or the commercial marketing of Sun Ltd.’s ANDA Products infringes, has infringed, and/or will infringe a valid and enforceable claim of the ’388 patent.

43. Sun is entitled to a declaration that all claims of the ’388 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially-created bases for invalidity.

## PRAYER FOR RELIEF

WHEREFORE, Sun respectfully requests judgment in its favor and against Counterclaim Defendants/Plaintiffs as follows:

a. Declaring that the filing of Sun Ltd.’s ANDA No. 214737 has not infringed and does not infringe any valid and enforceable claim of the ’387 patent;

b. Declaring that the manufacture, use, offer to sell, sale, and/or importation into the United States of Sun Ltd.’s ANDA Products does not, and would not, if marketed, infringe any valid and enforceable claim of the ’387 patent;

c. Declaring that the filing of Sun Ltd.’s ANDA No. 214737 has not infringed and does not infringe any valid and enforceable claim of the ’388 patent;

d. Declaring that the manufacture, use, offer to sell, sale, and/or importation into the United States of Sun Ltd.'s ANDA Products does not, and would not, if marketed, infringe any valid and enforceable claim of the '388 patent;

e. Declaring this an exceptional case in favor of Sun and awarding its attorneys' fees pursuant to 35 U.S.C. § 285 and/or under all applicable statutes and rules in common law that would be appropriate;

f. Awarding costs and expenses under all applicable statutes and rules in common law that would be appropriate; and

g. Awarding any and all such other relief as the Court determines to be just and proper.

Dated: November 5, 2021

RIVKIN RADLER LLP

s/ Gregory D. Miller
Gregory D. Miller
Gene Y. Kang
25 Main Street, Suite 501
Court Plaza North
Hackensack, NJ 07601
(201) 287-2474
gregory.miller@rivkin.com
gene.kang@rivkin.com

OF COUNSEL:
Charles B. Klein (to be admitted *pro hac vice*)
Jovial Wong (to be admitted *pro hac vice*)
Sharon Lin (to be admitted *pro hac vice*)
Esthefania Rodriguez (to be admitted *pro hac vice*)
WINSTON & STRAWN LLP
1901 L Street, N.W.
Washington, DC 20036
(Tel.) (202) 282-5000
(Fax) (202) 282-5100
cklein@winston.com
jwong@winston.com
slin@winston.com

esrodriguez@winston.com

*Attorneys for Defendants/Counterclaim Plaintiffs Sun Pharmaceutical Industries Ltd., Sun Pharma Global FZE, and Sun Pharmaceutical Industries, Inc.*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is related to the following pending actions: *Orexo AB and Orexo US, Inc. v. Sun Pharmaceutical Industries Ltd. et al.*, 3:20-cv-12588-ZNQ-DEA (D.N.J.); *Orexo AB and Orexo US, Inc. v. Sun Pharmaceutical Industries Ltd. et al.*, 3:21-cv-13320-ANQ-DEA (D.N.J.).

I further certify that, to the best of my knowledge, the mater in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

*s/ Gregory D. Miller*
Gregory D. Miller

Dated: November 5, 2021

## LOCAL CIVIL RULE 201.1 CERTIFICATION

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the parties seek, *inter alia*, declaratory relief in their respective pleadings.

I hereby certify under penalty of perjury that the foregoing is true and correct.

*s/ Gregory D. Miller*
Gregory D. Miller

Dated: November 5, 2021

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that a copy of Sun's foregoing Answer, Separate Defenses, and Counterclaims was filed via ECF and served on all counsel of record by electronic mail on November 5, 2021

*s/ Gregory D. Miller*
Gregory D. Miller

Dated: November 5, 2021